T.C. Summary Opinion 2005-142


UNITED STATES TAX COURT


PACITA PALERMO REYES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9659-04S.            Filed September 29, 2005.


Pacita Palermo Reyes, pro se.

<u>Aaron D. Gregory</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $3,778 for the taxable year 2002.

The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for her grandchildren, CME and CJE;[1] (2) whether petitioner is entitled to head-of-household filing status; (3) whether petitioner is entitled to an earned income credit; and (4) whether petitioner is entitled to child tax credits of $923 for taxable year 2002.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Newport News, Virginia, on the date the petition was filed in this case.

## Background

Both CME and CJE are petitioner's grandchildren. Maria Embry (Ms. Embry) is petitioner's daughter and the mother of both CME, born in 1987, and CJE, born in 1994. Michael Embry, Sr. (Mr. Embry) is the father of CJE. CME's father was not identified in the record. In addition to CJE, Ms. Embry and Mr. Embry have three other children. Ms. Embry and Mr. Embry were legally separated in 2001 and remained legally separated during the 2002 tax year.

---

[1]The Court uses only the minor children's initials.

For the year in issue, petitioner earned $25,237 in taxable wages. Petitioner resided, by herself, in a three-bedroom house with an attached garage, which was converted into a fourth bedroom and a bathroom.

Ms. Embry lived in a three-bedroom house with her five children. Ms. Embry did not own a car. She was unemployed, and she received $900 per month in child support from Mr. Embry. Ms. Embry's children were covered by Mr. Embry's medical insurance program through the U.S. Navy. Ms. Embry paid $540 per month for rent, during taxable year 2002, and received approximately $300 per month in food stamp assistance, along with free school lunches for some of her children, including CME and CJE.

In the year at issue, petitioner provided financial assistance to Ms. Embry and petitioner's grandchildren. Petitioner paid for the telephone service in Ms. Embry's house, which was registered in petitioner's name. At various times throughout 2002, petitioner bought clothing, shoes, and dinners for all of her grandchildren. Further, petitioner paid for and accompanied her grandchildren when they traveled to Busch Gardens. Petitioner provided rides to stores and to recreational events because Ms. Embry did not own a car. Periodically, petitioner bought laundry detergent, dishwashing liquid, toothpaste, paper towels, toilet paper, and many other household necessities for Ms. Embry and petitioner's grandchildren. During

taxable year 2002, petitioner opened guardian savings accounts for CME and CJE. As of December 31, 2002, the balances of these accounts were $722.40 and $206.23 for CME and CJE, respectively. Further, petitioner gives her grandchildren monthly cash allowances. Petitioner not only provides Ms. Embry and petitioner's grandchildren with monetary and material items but also provides "love, care, and understanding to help them live a normal and happy life with complete confidence in themselves and high regard and respect for their well being."

On March 2, 2003, petitioner went to the Internal Revenue Service office in Hampton, Virginia, to receive assistance in preparing her 2002 Federal income tax return. In fact, petitioner's return was prepared by an Internal Revenue Service employee. Petitioner voluntarily signed the 2002 Federal income tax return and timely filed said return on or about March 21, 2003.

On her return, petitioner claimed CME and CJE as dependents and claimed the resulting dependency exemption deductions, as well as child tax credits of $923 and an earned income credit. Further, petitioner claimed head-of-household filing status on her 2002 Federal income tax return.

During the 2002 taxable year, although CME and CJE often visited petitioner's home on weekends and holidays, both CME and CJE lived with Ms. Embry in her home.

Respondent issued a notice of deficiency to petitioner in which respondent disallowed the dependency exemption deductions, child tax credit, and earned income credit, and changed petitioner's filing status to single.

On November 24, 2004, respondent's counsel sent petitioner a letter requesting that she provide respondent with information relevant to respondent's determination with respect to her liabilities in this case. The information respondent requested from petitioner was as follows: (a) Any and all documentation substantiating that petitioner is entitled to head-of-household filing status for 2002; particularly any information supporting that a "qualifying person" lived with her in her home for more than half of the 2002 tax year; (b) any and all documentation substantiating that petitioner is entitled to either or both of the two dependent exemption deductions claimed on her 2002 tax return, particularly any information supporting that she provided more than half of each claimed dependent's total support for the 2002 tax year; (c) any and all documentation substantiating that petitioner is entitled to claim the earned income credit as shown on her 2002 tax return, particularly any information supporting that a "qualifying child" or children lived with her in her home for more than half of the 2002 tax year; (d) any and all documentation substantiating that petitioner is entitled to the child tax credit for the 2002 tax year; (e) any and all

documentation substantiating that petitioner is entitled to the additional child tax credit for the 2002 tax year; and (f) any other additional documentation that may be relevant.

Petitioner did not respond to respondent's counsel's letter and did not provide any additional information.  However, petitioner contends that documentation already in the record of this case substantiates her claims on her 2002 income tax return. The documentation, to which petitioner refers, consists of:  (1) Notarized Certification from her daughter, Ms. Embry, that petitioner is the only person entitled to claim CJE as a dependent; (2) two pages of what appears to be a separation agreement between Mr. Embry and Ms. Embry; however, these pages are not signed by Ms. Embry; and (3) copies of Langly Federal Credit Union statements for the period October 1 through December 31, 2002, establishing that she funded a guardian account for CJE.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct.  Welch v. Helvering, 290 U.S. 111, 115 (1933).  In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner".  In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section

7491 places the burden of proof on the Commissioner.  Sec. 7491(a)(1); Rule 142(a)(2).  Credible evidence is "the quality of evidence which, after critical analysis, * * * [a] court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted."[2]  Baker v. Commissioner, 122 T.C. 143, 168 (2004); Higbee v. Commissioner, 116 T.C. 438, 442 (2001).  Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with the Commissioner for witnesses, information, documents, meetings, and interviews.  Sec. 7491(a)(2).  Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to any of the issues in the case at bar because petitioner has not complied with the requirements to substantiate the items in dispute.  Therefore, petitioner bears the burden of showing that she is entitled to claim dependency exemption deductions for CME and CJE, that she is entitled to head-of-household filing status, that she is entitled to an earned income credit for taxable year 2002, and that she is entitled to claim child tax credits for CME and CJE for taxable year 2002.

---

[2]We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer.  See Bernardo v. Commissioner, T.C. Memo. 2004-199.

Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

A.    Dependency Exemption Deductions

A taxpayer may be entitled to claim as a deduction an exemption amount for each of his or her dependents, over half of whose support is provided by the taxpayer. Secs. 151(c)(1), 152(a). A dependent includes a grandchild. Sec. 152(a)(1).

As to the support test, a taxpayer generally must provide more than one-half of a claimed dependent's support for the calendar year in which the taxable year of the taxpayer begins. Sec. 152(a), (c). In order to satisfy this test, a taxpayer must establish the total support expended on behalf of the claimed dependents from all sources for the year and demonstrate that she provided more than half of this amount. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971).

In the present case, there is an absence of evidence relating to the total amount of support as well as petitioner's share of support. While the record is replete with evidence of petitioner being a loving and caring grandmother and her purchases of numerous household necessities, we cannot conclude on this record the amount of the total support for CME and CJE

nor the amount of support provided by petitioner.  Therefore, respondent is sustained on this issue.

## 2.  Head of Household

Section 1(b) imposes an income tax rate on individuals filing as head of household.  As relevant herein, section 2(b) defines "head of household" as an unmarried individual who maintains as her home a household that for more than one-half of the taxable year constitutes the principal place of abode of a person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for that dependent under section 151.

The Court has sustained respondent's determination disallowing the claimed dependency exemption deductions, and, as a result, petitioner is not entitled to head-of-household filing status for 2002.  Further, the record shows that CME and CJE did not live with petitioner for more than one-half of the taxable year 2002.  Thus, respondent's determination that petitioner is not entitled to head-of-household filing status is sustained.

## 3.  Earned Income Credit

Section 32(a) provides for an earned income credit in the case of an eligible individual.  Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as any individual who has a qualifying child for the taxable year.  A qualifying child is one who satisfies a relationship test, a

residency test, and an age test.  Sec. 32(c)(3).  For the tax year in issue, the residency test required a qualifying child to have "the same principal place of abode as the taxpayer for more than one-half of such taxable year".  Sec. 32(c)(3)(A)(ii).  As previously stated, the record shows that CME and CJE did not live with petitioner for more than one-half of the taxable year 2002. We find that CME and CJE fail the residency test of section 32(c)(3)(A)(ii); therefore, we need not, and do not, decide whether they satisfy the relationship test or age test under section 32(c)(3).  Thus, respondent is sustained on this issue.

### 4.   Child Tax Credits

Finally, we consider the child tax credits.  A taxpayer may be entitled to a credit against tax with respect to each "qualifying child".  Sec. 24(a)  The plain language of section 24 established a three-pronged test to determine whether a taxpayer has a qualifying child.  If one of the qualifications is not met, the claimed child tax credit must be disallowed.  The first element of the three-pronged test requires that a taxpayer must have been allowed a deduction for that child under section 151. Sec. 24(c)(1)(A).

As previously stated, the Court has sustained respondent's determination that petitioner is not entitled to dependency exemption deductions for CME and CJE.  Thus, petitioner fails the first prong of the test of section 24.  The Court sustains

respondent's determination regarding the child tax credits under section 24.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.